UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARDELL PARHAM, Petitioner, | ) | |
| v. | ) | No. 1:23-cv-00780-SEB-KMB |
| WARDEN, Respondent. | ) | |

**ORDER DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PARTIES TO EXPAND THE RECORD**

Cardell Parham's petition for a writ of habeas corpus challenges his conviction and sanctions in prison disciplinary case IYC 23-01-0033. Further proceedings are necessary because the current record leaves material factual disputes over what evidence Mr. Parham requested before or during his disciplinary hearing and whether it was material or exculpatory.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. Facts

According to a conduct report, Officer F. Salami searched Mr. Parham's property box and bed area at 9:20 P.M. on January 3, 2023. Dkt. 16-1 at 1. Officer Salami states that he found a 12-inch metal shank in a plastic bag on top of the box and an altered radio and a padlock inside the box. *Id.* All three were confiscated. *Id.*

Mr. Parham received a screening report on January 4, 2023, notifying him that he was charged with possessing dangerous or deadly contraband. Dkt. 16-5. A handwritten notation indicates that Mr. Parham asked to review security video of his bed area because he believed it would demonstrate his innocence:

> Camera: No plastic bag on his property box.
>
> B2-1L 8:15–9:00 pm

*Id.* Mr. Parham wrote his initials next to that notation and signed the bottom of the document. *Id.*

A staff member wrote a statement that he reviewed video of Mr. Parham's bed area from about 8:15–9:00 P.M. on January 3. Dkt. 16-7. The staff member stated he could not see the tops of any property boxes because of the camera angle. *Id.*

The respondent has not furnished the Court with the video evidence. Instead, the respondent has filed a still photo taken from the same security camera. Dkt. 18. The picture shows at least four long rows of bunk beds. One bed—presumably Mr. Parham's—is marked, and the area underneath the bed is not visible. *Id.*

Mr. Parham was found guilty at a hearing and disciplined with a loss of earned credit time and a suspended credit-class demotion. Dkt. 16-6. His administrative appeals failed. Dkt. 16-8.

In his petition, Mr. Parham contends that Officer Salami did not search his bed area as described in the conduct report. Rather, he asserts—under penalty of perjury—that an officer took his property to the control desk and searched it there. Dkt. 1 at 3. He adds that he requested video

of his bed area and the control desk to corroborate this contention. *Id.* Mr. Parham adds that a different officer found the contraband in a trash box nowhere near his personal property and that video would corroborate this account. *Id.* Finally, Mr. Parham states that he requested a statement from the officer who found the shank, but he refused to provide one. *Id.*

**III. Analysis**

"[W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence . . . contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies." *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006). Mr. Parham and the respondent present competent but conflicting evidence on the questions of what evidence Mr. Parham requested, when he requested it, and whether it was material and exculpatory. Accordingly, the Court cannot resolve Mr. Parham's petition on the current evidentiary record.

Due process affords an inmate a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present *material*, *exculpatory* evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011), and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). Due process is not violated if the prison staff fails to provide evidence that the inmate did not request before or during the hearing. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) ("We agree that if Piggie failed to make such a request either before or at the hearing, then the CAB could not have denied him due process by not considering the request.").

Mr. Parham has presented evidence that he requested potentially material, exculpatory evidence, and that his requests were not honored. If the still photo in the record shows Mr. Parham's bed area, his property box would not have been visible. But video from that camera would have shown whether a staff member came to Mr. Parham's bed area and searched his property as described in the conduct report. Further, video from that camera may have shown whether a staff member walked away with—or without—the 12" metal shank described in the conduct report. Finally, Mr. Parham has presented evidence that he requested video that would show that his property was searched in a location and in a manner different from that described in the conduct report.

The respondent contends generally that video of Mr. Parham's bed area would not have been material or exculpatory. Dkt. 16 at 7–8. As noted above though, video may well have shown other material or exculpatory information—including who searched Mr. Parham's property, where, and what (if anything) was taken from it.

The respondent also contends that the screening report is evidence that Mr. Parham did not request video of the control room before or during his disciplinary hearing and that he never requested a statement from the officer he alleges found the shank. Dkt. 16 at 8–9. True—but the screening report is not dispositive evidence of what Mr. Parham requested. Although he signed and initialed the screening report, a staff member completed the form and had control over what requests were documented. Based on the record before the Court, it is plausible that Mr. Parham made an oral request for evidence that was not recorded on the screening report.

The respondent also notes that the reasons Mr. Parham now says the video may be material and exculpatory diverge from the arguments he presented in his disciplinary hearing. Dkt. 16 at 8; dkt. 16-6. The respondent is correct that Mr. Parham's arguments in his habeas petition are different

from the arguments the hearing officer wrote down. Again, though, the Court is mindful that Mr. Parham did not write the hearing report.

Finally, the Court notes that the video Mr. Parham requested may not have been material or exculpatory even if timely requested. If the screening report accurately documents that Mr. Parham requested video showing his bed area from 8:15 until 9:00 P.M., and if the conduct report accurately documents that Officer Salami came to Mr. Parham's bed area around 9:20 P.M., the video he requested would not capture any information material to this case.

## IV. Expanding the Record

"If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials," including affidavits, "documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Rules Governing § 2254 Cases, Rule 7(a)–(b). For the reasons noted in Part III, material factual disputes preclude the Court from resolving Mr. Parham's petition on the current record. To ensure that an evidentiary hearing is necessary—and, if necessary, then conducted efficiently—the Court directs the parties to expand the record.

Mr. Parham will have **through May 24, 2024**, to file answers to these questions:

1) What evidence did Mr. Parham request from the screening officer on January 5, 2023?
   a. How did he present his request (*i.e.*, orally or in writing)?
2) Did Mr. Parham present any other requests for evidence after screening?
   a. When and to whom did he present these requests?
   b. What evidence did he request?
   c. How did he present these requests?

Mr. Parham must verify his answers under penalty of perjury. Any affidavit must be signed and dated and include a certification with language such as: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct." *See* 28 U.S.C. § 1746.

The respondent will have **fourteen days** following the filing of Mr. Parham's answers to file any objections or contrary evidence. If the respondent files contrary evidence, Mr. Parham will have **fourteen days** to file any objections.

**IT IS SO ORDERED.**

Date: 4/22/2024

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CARDELL PARHAM
900377
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov