UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARDELL PARHAM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, )<br>)<br>Respondent. ) | No. 1:23-cv-00780-SEB-KMB |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This habeas corpus action concerns Cardell Parham's loss of 210 days' earned credit time in prison disciplinary case IYC 23-01-0033. The Court reviewed Mr. Parham's petition on April 22, 2024, and directed the parties to make supplemental filings necessary to resolve a material factual dispute. Dkt. 21.

The respondent has instead moved to dismiss the action as moot, asserting that Mr. Parham's conviction and sanctions were vacated and his credit time restored. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). To be "in custody" in the context of a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or demoted in credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th

Cir. 2001). When such a sanction is not imposed, the disciplinary official is "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

The Court denied two previous motions to dismiss without prejudice because the respondent did not document with admissible evidence that the 210 days' earned credit time taken from Mr. Parham as a sanction for IYC 23-01-0033 were restored. Dkt. 33, dkt. 44. The respondent has made the necessary showing on the third try. Specifically, the respondent offers a credit time calculation record showing that Mr. Parham lost 210 days of good time credit as a consequence for his conviction in IYC 23-01-0033. Dkt. 47-1 at 1. An updated record shows that Mr. Parham's conviction in IYC 23-01-0033 has been overturned and that no good time credit has been taken as a result. *Id.* at 2.

Mr. Parham objects, arguing that his custodians' calculation of his projected release date does not account for the restoration of the 210 days. Dkts. 43, 49. But the projected release date changes daily as the inmate serves time and earns credit time. Moreover, Mr. Parham's objections acknowledge that his release date has been affected by later disciplinary convictions in which he was sanctioned both with the deprivation of credit time and with demotions in credit-earning class. Indeed, he appears to concede that the IDOC restored the credit time taken in IYC 23-01-0033 and argue that it then violated his rights by immediately taking it away again as sanctions for other disciplinary violations.

Mr. Parham's objections are therefore problematic for three reasons.

First, this action concerns only IYC 23-01-0033. The only relief the Court can offer through this action is to order the respondent to vacate Mr. Parham's disciplinary conviction and sanctions and restore the 210 days of credit time it took away. The respondent has documented that it has

done so. The Court cannot offer any relief in this case that the respondent has not already enacted on its own, and that is the essence of mootness.

Second, to the extent Mr. Parham argues that he was wrongly deprived of credit time in other disciplinary actions—even that he was wrongly deprived of credit time restored from IYC 23-01-0033—those challenges exceed the scope of this case. Section 2254(a) authorizes the Court to grant habeas relief "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." And § 2254(b)(1)(A) limits the Court's authority to offer habeas relief to cases where "the applicant has exhausted the remedies available in the courts of the State." The state court judgment at issue in this case is IYC 23-01-0033. If Mr. Parham wishes to challenge another disciplinary conviction, he must bring another habeas petition after exhausting available state remedies. *See Boriboune v. Berge*, 391 F.3d 852, 854 (7th Cir. 2004) ("[E]ach petition must be directed to a single criminal judgment.").

Third, to the extent Mr. Parham believes his release date has been miscalculated on the whole and not as the result of one specific disciplinary case, he has remedies available in state court, and there is no indication he has exhausted them:

> Indiana courts have made clear that an inmate may use the state's post-conviction procedures to challenge the calculation of their credit time. In *Young v. State*, the Indiana Supreme Court held that an inmate challenging the denial of educational credit time must do so by filing a petition for post-conviction relief or by filing a successive petition if he has previously sought post-conviction relief on his conviction or sentence. 888 N.E.2d 1255, 1256-57 (Ind. 2008); *see Resendez v. Brown*, 819 Fed. Appx. 428, 430 (7th Cir. 2020).

*Shell v. Emerson*, No. 1:23-cv-00887-KMB-JRS, 2023 WL 8478537, at *1 (S.D. Ind. Nov. 21, 2023).

In short, Mr. Parham has received all the relief this Court can offer him in this case, so it is moot. This does not mean that his release date is calculated correctly, but that is a separate question that Mr. Parham must litigate in a new case, if necessary, after pursuing other resolutions.

The respondent's motion to dismiss, dkt. [47], is **granted**. Mr. Parham's motion objecting to dismissal, dkt. [43], is **denied**. This action is **dismissed as moot**. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 3/25/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CARDELL PARHAM
900377
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov